UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES S. CLARK                                    CIVIL ACTION

VERSUS                                              14-673-JWD-RLB

STATE FARM FIRE AND CASUALTY
COMPANY

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 24, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CHARLES S. CLARK                                          CIVIL ACTION

VERSUS                                                                 14-673-JWD-RLB

STATE FARM FIRE AND CASUALTY
COMPANY

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on the Plaintiff's Motion to Remand. (R. Doc. 12). The motion is opposed. (R. Doc. 15). The issue before the court is whether the amount in controversy is sufficient to support subject matter jurisdiction under 28 U.S.C. § 1332(a). Based on the applicable law and analysis which follows, the Plaintiff's Motion to Remand should be **GRANTED.**

**I.    Background**

The factual background for this insurance matter is uncomplicated. There is no dispute between the parties that Charles S. Clark ("Plaintiff") is the spouse of Judge Janice Clark of the 19th Judicial District, East Baton Rouge Parish, Louisiana.[1] Plaintiff and Judge Clark own rental property in East Paton Rouge Parish that is insured by State Farm Fire and Casualty Company ("State Farm" or "Defendant") pursuant to a rental dwelling policy.[2] The State Farm policy provides the following relevant coverage limits: (A) $161,700 in "dwelling" coverage; (B)

---

[1] Plaintiff, who filed this action pro se, captioned the Petition "Charles S. Clark, Et Ux versus State Farm Fire and Casualty Company." (R. Doc. 1-1 at 3). Plaintiff does not, however, name Judge Clark as a plaintiff anywhere within the Petition. State Farm has moved to join Judge Clark as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure. (R. Doc. 11). Plaintiff has not filed an opposition to that motion.

[2] In support of its motion seeking to join Judge Clark as a necessary plaintiff, State Farm filed a "renewal certificate" for the policy at issue demonstrating that Judge Clark is the only named insured on the policy. (R. Doc. 11-2).

1

$25,000 in "personal property" coverage; and (C) the "actual loss" of any "loss of rents." (R. Doc. 11-2 at 2).

On August 29, 2014, Plaintiff filed this action in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. (R. Doc. 1-1). Plaintiff alleges that the insured property "was substantially damaged . . . [a]s a result of high winds, driving rains, and loss of power and access" on and around August 29, 2012, and September 21, 2012. (R. Doc. 1-1 at 3-4). Plaintiff alleges that he has "sustained loss of business income due to interruption of rental income stream, and other matters, to be shown at the trial hereof." (R. Doc. 1-1 at 4). Plaintiff alleges that "[d]espite notice and demand, and inspection by adjusters, defendant has failed to fully acquit or adjust this claim" in accordance with the State Farm policy. (R. Doc. 1-1 at 4). Plaintiff seeks recovery from State Farm "for all sums due and owing as a result of defendant's failure to compensate [Plaintiff] for his loss, as outlined hereinabove, for all costs of these proceedings and for all general and equitable relief." (R. Doc. 1-1 at 4). Plaintiff does not specific whether he is seeking to recover the full policy limits. Plaintiff also does not specify whether he is seeking recovery pursuant to Louisiana bad faith statutes, La. R.S. § 22:1892 and La. R.S. § 22:1973.

On October 24, 2014, State Farm removed the action to this court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441. (R. Doc. 1).[3] In the Notice of Remand, State Farm claims that the amount in controversy requirement is satisfied based upon the policy limits for dwelling, personal property, and loss of rental income coverage. (R. Doc. 1 at 4). State Farm also suggests that, based on the allegations in the Petition and the fact that Plaintiff

---

[3] On December 23, 2014, State Farm filed an Amended Notice of Removal after being directed by the Clerk of Court to remove the designation of "et ux" in the caption of the Petition. (R. Doc. 9). The Amended Notice of Removal does not change the substance of State Farm's jurisdictional allegations in the original Notice of Removal.

filed it pro se,[4] the court should assume that Plaintiff is asserting "a claim for bad faith penalties and attorney's fees" and those amounts should be considered for calculating the amount in controversy. (R. Doc. 1 at 5).

On January 21, 2015, Plaintiff filed the instant motion seeking remand on the basis that the amount in controversy requirement is not satisfied. (R. Doc. 12).

## II.     Arguments of the Parties

Plaintiff argues that the State Farm has not proved by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff submits that the amount in controversy is not facially apparent, and State Farm has not submitted any "summary judgment type evidence" establishing that the amount in controversy requirement is satisfied. (R. Doc. 12-1 at 3-4). Plaintiff (who does not concede that he is seeking recovery pursuant to the Louisiana bad faith statutes) argues that the only time that statutory fees and penalties for a bad faith claim can be considered for calculating the amount in controversy is after "a determination by the trier of fact that the insurer acted arbitrarily, capricious, or without probable cause." (R. Doc. 12-1 at 7). Finally, Plaintiff asserts that the unilateral post-removal stipulation signed by him and his spouse is binding and sufficient to clarify any ambiguity regarding the amount in controversy. (R. Doc. 12-1 at 8-12).

In opposition, State Farm argues that the amount in controversy is satisfied based upon the policy limits. (R. Doc. 15 at 5). State Farm argues that Plaintiff is seeking recovery of attorney's fees and penalties pursuant to Louisiana bad faith statutes and those amounts should be considered in calculating the amount in controversy. (R. Doc. 15 at 6). State Farm also argues that Plaintiff's failure to allege in the Petition that the amount in controversy did not support federal jurisdiction was a violation of Louisiana procedural law and indicates a finding

---

[4] Plaintiff is now represented by counsel.

3

that the amount in controversy is facially apparent. (R. Doc. 15 at 7). State Farm further argues that Plaintiff failed to submit a pre-removal binding stipulation that he was seeking less than the required amount in controversy, and therefore has failed to show to a legal certainty that the amount in controversy is not satisfied. (R. Doc. 15 at 7-8). Finally, State Farm argues that Plaintiff's post-removal stipulation cannot be considered because it is clear from the face of the Petition that the amount in controversy amount is satisfied. (R. Doc. 15 at 8-9).

## III. Law & Analysis

### A. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum"

4

removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1). This prohibition on alleging a specific amount of damages, however, "is not applicable to suit on a conventional obligation, promissory note, open account, or other negotiable instrument . . ." La. Code Civ. P. art. 893(B).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id.* If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity,[5] the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

### B. The amount in controversy is not facially apparent

The amount in controversy is not facially apparent. Plaintiff did not demand recovery of a specific amount in his Petition. The Petition provides no context for the court to determine that Plaintiff is likely to obtain an amount exceeding the jurisdictional amount. The Petition is less

---

[5] Plaintiff is a citizen of Louisiana. (R. Doc. 1 at 1). Defendant is a citizen of Illinois. (R. Doc. 1 at 2).

than 2 pages long and consists of approximately ten sentences. The Petition does not reference the policy limits. Other than vaguely stating that the insured property "was substantially damaged" as a result of hurricane force winds and rain, there are no indications in the Petition regarding the extent of any alleged damage. Without more specific allegations—such as a fallen tree on the property resulting in complete destruction of the roof—there is no basis for the court to calculate the amount in controversy. Similarly, Plaintiff does not allege the amount of monthly rental income owed by the lessee or the duration of the interruption to that rental income. Plaintiff's allegation of "loss of power and access" is insufficient information to determine how long rental income was interrupted or how much damage to the rental property was incurred.

Plaintiff's failure to include any allegations regarding the insufficient amount in controversy to support federal jurisdiction, as required by Louisiana Civil Code of Procedure article 893(A)(1) is not dispositive, and, considering the vague allegations in the Petition, should be given little (if any) weight. *See Weber v. Stevenson*, No. 07-595, 2007 WL 4441261 (M.D. La. Dec. 14, 2007) ("[T]he plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy. There is so little information in the petition upon which to estimate the actual amount in controversy, a finding that the failure to include the "893" allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable."). Similarly, that Plaintiff did not submit a pre-removal stipulation that the amount in controversy requirement is not satisfied is insufficient, without more, to support a finding that the amount in controversy is facially apparent. S*ee Lowe v. State Farm Fire & Cas. Co*., No. 07-7454, 2008 WL 906311 (E.D. La.

6

Apr. 2, 2008) ("Plaintiffs' failure to [submit a pre-removal binding stipulation] does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied. In this case State Farm has not met its burden.")

Finally, the Petition does not set forth a claim for penalties and attorney's fees pursuant to La. R.S. § 22:1892 and La. R.S. § 22:1973. To be clear, Plaintiff does not allege in the Petition that he is seeking recovery of attorney fees or penalties pursuant to these insurance bad faith statutes. Plaintiff does not allege that State Farm's failure to provide coverage was without cause, unreasonable, or in bad faith. Plaintiff has simply not allege a bad faith claim pursuant to La. R.S. § 22:1892 and La. R.S. § 22:1973.[6]

### C. State Farm has not established that the amount in controversy requirement is satisfied.

Because the amount in controversy is not facially apparent, the court will consider whether State Farm set forth any facts in controversy, or submitted summary judgment type evidence, that support a finding of the jurisdictional minimum.

State Farm did not submit any documents in support of its position that the amount in controversy requirement is satisfied, with the exception of providing evidence of the policy

---

[6] The court does not adopt Plaintiff's position that recoverable penalties and attorney's fees pursuant to the Louisiana bad faith statutes are not considered when alleged in a Petition. Had Plaintiff actually alleged a claim for penalties and attorney's fees pursuant to La. R.S. § 22:1892 and La. R.S. § 22:1973, or otherwise sought recovery under a theory that would implicate those statutory fees, the court would consider those allegations for calculating the amount in controversy requirement. *Lapeyrouse v. State Farm Fire & Cas. Co.*, No. 14-52, 2014 WL 4373273, at *3 (M.D. La. Sept. 3, 2014) ("That the Plaintiffs are seeking penalties and attorney's fees under La. R.S. § 22:1892 and La. R.S. § 22:1973 supports a finding that the jurisdictional amount has been exceeded.") (citing *Fortier v. State Farm Fire & Cas. Co.*, 2007 WL 678990, at *2 (E.D. La. Feb. 28, 2007)); *accord Rush v. Am. Sec. Ins. Co.*, No. 06-5345, 2006 WL 3733817, at *4 (E.D. La. Dec. 14, 2006) (refusing to consider attorney's fees and penalties pursuant to Louisiana bad faith statutes in calculating the amount in controversy in declaratory action against insurer because plaintiff neither requested "attorney's fees and penalties under Louisiana law" nor made "any allegation that the failure to tender the proceeds was without cause, unreasonable, or in bad faith."). Even if Plaintiff had alleged a bad faith claim in the Petition, however, because the amount of any underlying claim at issue has not been established, there is nothing in the record to demonstrate that the amount of any recoverable "penalties and attorney's fees" would result in the amount in controversy being satisfied.

7

limits. (R. Doc. 11-2 at 2). In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, which determines the amount in controversy, unless the value of the claim exceeds the value of the policy. *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *see also Lewis v. Lexington Ins. Co.*, No. 07-8295, 2008 WL 4862034, at *2 (E.D. La. Nov. 6, 2008).

State Farm has not submitted any evidence regarding the claim submitted by Plaintiff (and/or his spouse) or the adjustment of that claim.[7] As set forth above, the allegations in the Petition refer to unspecified storm damages. State Farm has not provided any evidence suggesting that any subsequent inspection of the home, or information submitted by Plaintiff, demonstrates that any damage to the rental home (or resulting loss of rental income) could be valued anywhere near the amount in controversy, much less the policy limits. Likewise, there is nothing before the court to indicate that Plaintiff is seeking to recover any damages approaching the amount necessary to sustain diversity jurisdiction.

Because the Petition is ambiguous with regard to the amount in controversy, the court may consider the plaintiff's post-removal stipulation offered to clarify the amount in controversy. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("[P]ost-removal affidavits may be considered in determining the amount in controversy at the time of the removal."); *ANPAC*, 988 F.2d at 565 (when the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider it in determining whether remand is proper); *McGlynn v. Huston*, 693 F. Supp. 2d 585, 596 (M.D. La. 2010) (properly considering post-removal affidavit regarding the amount in controversy "since [defendant] failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous");

---

[7] In a subsequent document submitted to the court, State Farm's own inspection of the property estimated that any damages failed to exceed even the policy's hurricane deductible of $3,234. (R. Doc. 13 at 2).

*Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought.").

A plaintiff's stipulation that the amount in controversy is satisfied is only binding "if, within that stipulation, [he] expressly renounced his right to recover in excess of $75,000.00" in state court. *McGlynn*, 693 F. Supp. 2d at 593 (plaintiff's stipulation was not binding because it failed to "provide that he will not accept more than [$75,000] in the event he is awarded that amount in state court"); *see also Printworks, Inc. v. Dorn Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding). This is because a Louisiana state court can award all damages to which it feels a plaintiff is entitled, regardless of what is plead in the petition. *See* La. C. Civ. P. art. 862 ("a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings").

Here, Plaintiff (and his spouse) submitted, by affidavit, a post-removal stipulation that the amount in controversy "does not exceed $75,000.00, including all penalties and attorney's fees, but exclusive of interest and costs." (R. Doc. 12-1 at 11). Plaintiff (and his spouse) swear that they will not "accept a judgment [for the claim asserted pursuant to their insurance policy] in an amount that exceeds $75,000.00, including all penalties and attorney's fees, but exclusive of interest and costs." (R. Doc. 12-1 at 11). This binding post-removal stipulation clarifies that the amount in controversy is not satisfied.

## IV. Conclusion

For the foregoing reasons, the court does not have subject matter jurisdiction under 28 U.S.C. §1332(a) because the amount in controversy requirement has not been satisfied.

## RECOMMENDATION

It is the recommendation of the magistrate judge that Plaintiff's Motion to Remand should be **GRANTED** and the case should be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on February 24, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**